IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNISYS CORPORATION,<br><br>　　*Petitioner*,<br><br>v.<br><br>COMPUTER DEDUCTIONS, INC. AND FUTURIS COMPANY,<br><br>　　*Respondents*. | Civil Action No. 2:25-cv-3671 |

**PETITION TO CONFIRM ARBITRATION AWARD**

Unisys Corporation ("Unisys"), by and through its undersigned counsel, hereby petitions this Court for (1) an order confirming a final arbitration award rendered by an arbitrator of the American Arbitration Association ("AAA") and (2) a judgment consistent with that award. In support of its petition, Unisys states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.　Petitioner Unisys Corporation is a Delaware corporation that maintains its principal place of business at 801 Lakeview Drive, Suite 100, Blue Bell, Pennsylvania 19422.

2.　Respondent Computer Deductions, Inc. ("CDI") is a California corporation that maintains its principal place of business in Orangevale, California. CDI can be served through its registered agent for service of process, Shannon Grosser, 8680 Greenback Lane, #210, Orangevale, California 95662.

3.　Respondent Futuris Company ("Futuris" and collectively with CDI, "Respondents") is a Wyoming corporation that maintains its principal place of business at 30 N Gould Street, Suite R, Sheridan, Wyoming 82801. Futuris can be served through its agent for service of process, Registered Agents Inc., 20 N. Gould Street, Suite R, Sheridan, Wyoming 82801.

4. This Court has jurisdiction over this matter pursuant to diversity of citizenship, 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. This Court also has jurisdiction pursuant to the Federal Arbitration Act ("FAA") because the relevant arbitration agreement is in writing and relates to a contract for the sale of goods in interstate commerce. *See Sarl v. A.M. Todd Co.*, No. CIV.A. 07-2727, 2008 WL 724607, at *6 (E.D. Pa. Mar. 18, 2008) ("The FAA . . . governs all contracts that rely on a written arbitration clause and concern interstate or foreign commerce.") (citing 9 U.S.C. §§ 1, 2).

6. Venue is proper in this Court pursuant to Section 9 of the FAA, because the relevant arbitration agreement expressly required the arbitration to occur in Philadelphia, and the award sought to be confirmed was, therefore, made within this district. *See* 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.").

## THE ARBITRATION

6. This matter concerns moneys owed under an Authorized Value Added Reseller Agreement for Computer Products ("VAR"). A true and correct copy of the VAR is attached hereto as Exhibit 1.

7. Unisys and CDI entered into the VAR in 2015. *Id.* The VAR contains a dispute resolution provision requiring arbitration of disputes related to the VAR. *Id.* §16.

8. Futuris is also bound by the arbitration agreement in the VAR because it acquired CDI in 2021 via a Stock Purchase and Acquisition Agreement pursuant to which it acquired 100% of the shares of CDI as well as all pre-existing liabilities, including CDI's payment obligations to Unisys under the VAR and the associated agreement to arbitrate claims related to the VAR. Exhibit

2; *see also* Exhibit 3 (arbitrator found that Futuris is bound by the arbitration provision in the VAR and contractually obligated to satisfy Respondents' financial obligations to Unisys).

9. In accordance with the Dispute Resolution provision in the VAR, Unisys and the Respondents mediated the dispute on May 15, 2024, and when that was not successful, Unisys initiated arbitration pursuant to the Commercial Arbitration Rules of the AAA in Philadelphia in an action styled *Unisys Corp. v. Futuris Company and Computer Deductions, Inc.*, Case No. 01-24-0007-6966.

10. The duly appointed arbitrator in the arbitration was B. Christopher Lee, Esq. *See* Exhibit 4.

11. On June 25, 2025, the Arbitrator issued a Final Award and Ruling of Arbitrator in the arbitration. A true and correct copy of the Final Award and Ruling of Arbitrator is attached hereto as Exhibit 3.

12. The arbitrator awarded Unisys $957,974.79 in damages from Respondents, jointly and severally, as follows:

   a. principal owed in the amount of $511,160.74;
   b. interest on principal owed in the amount of $98,814.55;
   c. attorneys' fees and costs in the amount of $75,034.13;
   d. punitive damages in the amount of $255,580.37; and,
   e. arbitration administration fees in the amount of $17,385.00.

13. In addition to the monetary award, the Arbitrator also entered an injunction in favor of Unisys pursuant to Section 5107(a) of the Pennsylvania Uniform Voidable Transfer Act voiding all monetary transfers between Futuris and CDI from March 20, 2021 through June 25, 2025, and prohibiting future monetary transfers between CDI and Futuris until the damages owed to Unisys in the Final Award have been fully satisfied. *Id.*

14. The Arbitrator also awarded Unisys any additional costs and attorneys' fees incurred to enforce the Final Award. *Id.*

## THE COURT "MUST" CONFIRM THE ARBITRATION AWARD

15. The FAA expresses a strong presumption favoring the confirmation of arbitration awards. *See* 9 U.S.C. § 9. Indeed, the FAA expressly states that upon receiving a motion to confirm an arbitration award "the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* (emphasis added); *see also Silicon Power Corp. v. Gen. Elec. Zenith Controls, Inc.*, 661 F. Supp. 2d 524, 536 (E.D. Pa. 2009) (stating same and reiterating that "[t]here is a strong presumption under the FAA in favor of enforcing arbitration awards"). Courts cannot vacate an arbitration award due to an error, or even "improvident . . . silly factfinding" by the arbitrator. *Silicon Power Corp.*, 661 F. Supp. 2d at 536. Additionally, a court cannot refuse to enforce an arbitration award because "it views the merits of the claims differently." *Id.* A party's refusal to appear or participate in the arbitration is also an insufficient basis to deny confirmation of the award. *See, e.g.*, *Langlais v. Pennmont Benefit Serv., Inc.*, 527 F. App'x. 215, 219 (3d Cir. 2013).

16. Here, there is a valid and binding agreement to arbitrate the claims at issue between the parties, and in accordance with that agreement the arbitrator rendered a final award. The award has not been vacated, modified, or corrected. Accordingly, Section 9 of the FAA requires that the Final Award be confirmed.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Unisys requests that this Court enter an Order confirming the reasoned Final Award and Ruling of Arbitrator entered in the arbitration and authorize the Clerk to enter judgment against Respondents

in the amount of $957,979.79, together with interest from June 25, 2025 and the additional costs and fees incurred to confirm and enforce the Final Award. Unisys also requests that the Court enter an injunction in Unisys' favor voiding all monetary transfers between CDI and Futuris from March 20, 2021, through June 25, 2025, and prohibiting any future monetary transfers until the damages owed to Unisys stated in the Final Award have been paid in full.

Dated: July 17, 2025                              Respectfully submitted,

/s/ Kymberly Kochis
Kymberly Kochis
PA Bar No. 319846
Adam Pollet (*pro hac vice forthcoming*)
D.C. Bar No. 1008227
John T. Hays (*pro hac vice forthcoming*)
D.C. Bar No. 90009450
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001-3980
(202) 383-0134 (telephone)
(202) 637-3593 (facsimile)
AdamPollet@eversheds-sutherland.us
JohnHays@eversheds-sutherland.us
*Attorneys for Petitioner Unisys Corporation*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 17, 2025, I caused a true and correct copy of the foregoing document to be served upon the following via process server, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania:

Shannon Grosser
8680 Greenback Lane, #210
Orangevale, California 95662
***Registered Agent for Computer Deductions, Inc.***

Registered Agents Inc.
20 N. Gould Street, Suite R, Sheridan
Wyoming 82801
***Registered Agent for Futuris Company***

                                        */s/ Kymberly Kochis*
                                        Kymberly Kochis