# Exhibit 3

**AMERICAN ARBITRATION ASSOCIATION**

**Commercial Arbitration Tribunal**

| | |
|---|---|
| UNISYS CORPORATION,<br><br>*Claimant*,<br><br>v.<br><br>FUTURIS COMPANY, and<br><br>COMPUTER DEDUCTIONS, INC. (CDI)<br><br>*Respondents*, | AAA Case No.  01-24-0007-6966 |

**FINAL AWARD AND RULING OF ARBITRATOR**

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated January 1, 2015, and having been duly sworn, and oral hearings having been waived in accordance with the Rules, and having fully reviewed and considered the written documents and Dispositive Motion submitted to me by Claimant, represented by Adam Pollet, Esq., and John Hays, Esq., and Respondents, represented by Samuel Whitley, Esq., having failed to submit documents and Motion Opposition after due notice in accordance with the Rules do hereby DECIDE and AWARD as follows:

**<u>JURISDICTION OF THE ARBITRATOR</u>**

1. The arbitrator has jurisdiction to hear and decide this controversy, and Respondents are bound to arbitrate this matter in accordance with the arbitration clause contained in the January 1, 2015, Value Added Reseller Agreement ("VAR"). Furthermore, although Respondent, Futuris Company ("Futuris") is not a signatory to the VAR, it acquired pursuant to a March 20, 2021, Stock Purchase and Acquisition Agreement 100% of the shares of

Computer Deductions, Inc. ("CDI") as well as all of CDI's assets and liabilities, including CDI's obligations to Unisys Corporation ("Unisys") under the VAR and the associated agreement to arbitrate any disputes relating to the VAR. Under such circumstances, Futuris is not only bound by the arbitration provision contained in the VAR, but it is also contractually obligated to satisfy Respondents' financial obligations to Unisys. *Smith v. Cumberland Grp., Ltd.*, 455 Pa. Super. 276, 687 A.2d 1167 (1997) and *6060 Corp. v. Medmarc Cas. Ins. Grp. Co.*, 547 Fed. Appx. 137, 140 (3d Cir. 2013). Although Respondents participated in mediation required by the VAR dispute resolution clause, Respondents did not appear in the arbitration and did not contest jurisdiction or oppose the Claimant's Motion for Summary Disposition which included documentary evidence supporting Claimant's claims and the Arbitrators findings made herein.

## FINDINGS OF FACT[1]

2. The VAR, which governs the commercial relationship between the Parties has an effective date of January 1, 2015.

3. The terms of the VAR required Respondents to pay all invoiced amounts within 30 days of the invoice date.

4. On March 20, 2021, Respondent, Futuris acquired Respondent CDI and all its preexisting liabilities.

5. In December 2021, Respondents defaulted on Invoice M210922 in the amount of $814,035.67, which was the third and final annual payment due pursuant to a three-year non-terminable agreement entered in September 2019. Respondents requested a payment plan from Unisys, which Unisys agreed to if Respondents made an upfront payment of $203,500. Futuris made the $203,500 upfront payment directly to Unisys, which left $610,535.70 of invoice M210922 to be paid to Unisys (the "Outstanding Amount"). The Parties thereafter entered a written installment payment plan agreement pursuant to which CDI agreed to pay the Outstanding Amount, with interest over a nine-month period from March 2022 through

---

[1] I find the following undisputed facts to be determinative of the decisions reached in support of my Findings and the Final Award. The facts are fully supported by the evidence submitted in support of Claimant's Motion for Summary Disposition. None of the facts were contradicted by Respondent in any filings in this arbitration despite repeated notice.

2

November 2022 ("Payment Agreement"). The net installment amount including interest under the Payment Agreement was $647,167.85, which CDI acknowledged was not subject to any setoff, deduction, claim, or counterclaim. CDI further agreed that if it did not make the required payments according to the Payment Agreement that:

    a.    CDI would be deemed to be in default and that Unisys would have the right to accelerate payment of the entire unpaid balance plus interest; and

    b.    CDI would pay all fees, costs, and expenses incurred by Unisys in connection with any suit, action or proceeding to enforce the Payment Agreement, including reasonable attorneys' fees.

6.    Respondents made one payment pursuant to the Payment Agreement of $69,194.05. Respondents failed to make the next installment payment due April 1, 2022, and defaulted on their remaining obligations under the Payment Agreement. As a result, $577,973.80 became immediately due.

7.    In addition to the $577,973.80 due under the Payment Agreement, Respondents were also in default of Invoice 863052 in the amount of $228,585.00 and Invoice 866956 in the amount of $41,967.00. On June 3, 2022, CDI's then-president and CEO Thomas Calabro informed Unisys in writing that CDI had received payment from CDI's client in 2020 for the products/services subject to Unisys' Invoices and had set aside funds specifically to honor its obligations to Unisys. Nevertheless, Futuris had misappropriated the funds and used them elsewhere, even though the closing documents related to Futuris' acquisition of CDI specifically identified the funds as being held for Unisys' benefit.

8.    On December 9, 2022, CDI entered an Assignment Agreement ("Assignment Agreement") and admitted that it was in default and owed Unisys the unpaid balance with interest and expenses incurred in collection including reasonable attorneys' fees.

9.    Unisys received direct payments from CDI's customers and subsequently applied $41,967 to pay Invoice 866956 and applied the remaining $50,387 to the $577,964.80 due under the Payment Agreement, leaving a total of $756,171.80 plus interest and attorneys' fees outstanding.

10. On September 14, 2023, Unisys entered into another Assignment Agreement in which CDI again acknowledged default and owed Unisys the unpaid balance with interest and expenses incurred in collection including reasonable attorneys' fees and agreed that all amounts paid by the customer to CDI for Unisys' products and services would be due and payable to Unisys directly.

11. On October 23, 2023, Unisys demanded arbitration pursuant to the Dispute Resolution provision of the VAR and requested that Respondents waive the mediation requirement. Respondents did not agree to waive mediation, and the subsequent mediation, held on May 15, 2024, failed to resolve the dispute.

12. On March 27, 2024, Unisys informed Respondents that it received $99,856.52 from Respondents' customer pursuant to the parties' September 2023 Assignment Agreement and applied that payment to the outstanding balance, reducing it to $656,315.28.

13. Unisys initiated this arbitration on September 11, 2024, alleging claims against Respondents for breach of contract, violation of Pennsylvania's Uniform Voidable Transfer Act, and tortious interference as to Futuris.

14. On December 20, 2024, Unisys informed Respondents that it received an additional $145,154.54 payment pursuant to the September 2023 Assignment Agreement, which reduced the outstanding balance to $511,160.74, plus interest and attorneys' fees.

15. Respondents did not contest in this arbitration any of the above facts. The undisputed amount owed to Unisys by Respondents as of the date is $511,160.74, plus interest and attorneys' fees.

## CONCLUSIONS OF LAW

**A. Breach of Contract**

16. An action for breach of contract has three elements under Pennsylvania law: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resulting damages. *Bergenstock v. Rausch*, No. 1601 WDA 2014, 2015 WL 9593670, at *4 (Pa. Super. Ct. Dec. 29, 2015). The VAR and Payment Agreement are enforceable contracts that contain all the essential terms. Respondents failed to make timely payments in

4

breach of the terms of both the VAR and Payment Agreement and have admitted they are in breach of both agreements. Furthermore, Respondents' breaches have resulted in damages to Unisys as described above, and Respondents have admitted that the principal amount sought is accurate. Claimant is, therefore, awarded $511,160.74 on its breach of contract claims against Respondents, jointly and severally.

17.  Pursuant to the terms of the VAR, Claimant is also entitled to interest on the $511,160.74 award at the lesser of 1½% per month of the outstanding amount due or the maximum rate allowed by law, which is currently 6% annually (*see* 41 Pa. Stat. Ann. § 202) starting April 1, 2022. Pre-judgement interest at the statutory rate (6% annually) is currently the "lesser of" pursuant to the Parties' arbitration agreement. Therefore, Claimant is entitled to pre-judgment interest in the amount of $92,008.93, calculated at the statutory rate, accruing from April 1, 2022, through April 9, 2025. Interest shall continue to accrue at the statutory rate thereafter until the Award is satisfied.

18.  Claimant is also entitled to recover its attorneys' fees and costs in accordance with Respondents' executed written agreements modifying the VAR to allow for installment payments. Although Paragraph 16(c) of the VAR states that the Parties agreed to pay their own attorneys' fees and costs, the VAR contains a standard merger clause that indicates the terms of the VAR may be modified so long as the modifications are in writing and signed by an authorized representative of each party. *See* VAR (Ex. 1 to Claimant's Motion for Summary Disposition at p.1 Section III.). The Payment Agreement specifically modified the attorneys' fees provision to allow for recovery of attorneys' fees related to Respondents' breach. CDI agreed in three separate and subsequent agreements to pay Unisys all fees, costs and expenses, including reasonable attorneys' fees, incurred by Unisys to collect the undisputed amounts due to Unisys. First, the January 26, 2022, installment payment agreement ("Payment Agreement") is a separate contract that expressly provides for the recovery of attorneys' fees and costs. (Ex. 3 to Claimant's Motion for Summary Disposition). CDI expressly agreed to pay "all fees, costs and expenses incurred by Unisys in connection with any suit, action, or proceeding to enforce this installment payment agreement, including reasonable attorneys' fees." *Id*. at ¶ 4. Respondents breached the Payment Agreement on April 1, 2022, when they failed to make the second installment

payment. Therefore, Unisys is contractually entitled to its attorneys' fees and costs incurred because of Respondents' breach of the Payment Agreement, separate and apart from any terms of the VAR. CDI agreed to similar terms in the December 2022 Assignment Agreement and September 2023 Assignment Agreement (Exhibits 5 and 6 to Claimant's Motion for Summary Disposition). In accordance with these separate agreements, as part of the consideration for Unisys to agree to accept an order from CDI and provide licenses, hardware and support for CDI's customer, CDI agreed that it failed to pay previous amounts due under the VAR and was in default, and that CDI owes Unisys this unpaid balance and will pay all "ALL FEES COSTS AND EXPENSES INCURRED IN COLLECTION, INCLUDING REASONABLE ATTORNEYS' FEES" *Id.* Unisys is, therefore, contractually entitled to its attorneys' fees and costs under these Assignment Agreements, separate and apart from any terms of the VAR.

### B. Pennsylvania Uniform Voidable Transfer Act

19. The elements of a claim under the Pennsylvania Uniform Voidable Transfer Act ("PUVTA") require that the movant show that: (1) the offending party was insolvent or was rendered insolvent by a transfer; and (2) the transfer was made to hinder, delay, or defraud the movant. *See In re Fitzpatrick Container Co.*, 663 B.R. 648, 655 (Bankr. E.D. Pa. 2024) (citing the Pennsylvania Uniform Voidable Transfer Act, 12 Pa.C.S. §§ 5104.).

20. "Actual intent is rarely proven with direct evidence; rather, courts will consider certain factors, or 'badges of fraud,' to determine whether actual intent can be inferred." *In re Fitzpatrick Container Co.*, 663 B.R. at 657 (citing 12 Pa.C.S. § 5104(a)(1)). "No one factor or particular combination of factors is necessary to support a finding of fraud; even a strong showing of a single factor may be enough." *Id.* "In considering these factors, a court might determine whether the transfer was made to an insider, whether the transfer was disclosed or concealed, whether the value of the consideration received by the debtor was reasonably equivalent to the value of the assets transferred, and whether the debtor was insolvent or became insolvent shortly after the transfer was made." *Id.*; *see also Chestnut St. Consol., LLC v. Dawara*, 619 F. Supp. 3d 489, 507-510 (E.D. Pa.), *judgment entered*, 619 F. Supp. 3d 521 (E.D. Pa. 2022) (finding badges of fraud existed including: (1) transfer to insiders; (2) transfer of substantially all of the debtors

6

assets; and (3) transfer close in time to when debt was incurred among others). Punitive damages under PUVTA are allowed where the defendant engaged in outrageous conduct in connection with the fraudulent transfer." *Id.* at 516. This generally requires clear and convincing evidence of "malice, vindictiveness and a wholly wanton disregard of the rights of others." *Id.* Pennsylvania law also allows for the recovery of attorney's fees when, as here, there is evidence of bad faith on the part of the offending party.

21. Claimant has satisfied both elements. The uncontested facts demonstrate that Futuris intentionally impoverished CDI, with full knowledge of CDI's outstanding debt to Unisys, to enrich itself despite its express acknowledgement of the debt owed to Unisys.

22. Claimant is, therefore, awarded $511,160.74 on its PUVTA claims in addition to pre-judgment interest at the maximum rate allowed under Pennsylvania law, which is currently 6% annually (*see* 41 Pa. Stat. Ann. § 202), accruing from April 1, 2022, through the date of this Final Award and thereafter until the award is satisfied.

23. Claimant also seeks an award of punitive damages under the PUVTA. Although no Pennsylvania appellate court has opined on the issue, the Third Circuit predicted that "the Pennsylvania Supreme Court would conclude that punitive damages are available under the [PUVTA]" based on the language of the "catch-all" damages provision under section 5107(a)(3)(iii). *Chestnut St. Consol., LLC v. Dawara*, 619 F. Supp. 3d 489, 516 (E.D. Pa.), *judgment entered*, 619 F. Supp. 3d 521 (E.D. Pa. 2022) (quoting *Klein v. Weidner*, 729 F.3d 280, 288, 292 (3d Cir. 2013) (alterations in original). Other Pennsylvania courts have opined that section 5107(a) of the Pennsylvania Uniform Voidable Transfer Act ("PUVTA") provides courts with "the discretion to award **any** relief the circumstances require." *Kraisinger v. Kraisinger*, 2011 PA Super 264, 34 A.3d 168, 175 (2011) (awarding attorneys' fees to successful PUVTA claimant); *see also George M. Axilbund Tr. v. Forman*, 268 A.3d 433 (Pa. Super. Ct. 2021). PUVTA, therefore, provides the Arbitrator with discretion to award attorneys' fees and punitive damages under the statute. *Dawara*, 619 F. Supp. 3d at 515-18.

24. Moreover, arbitrators can award punitive damages under a statutory remedial scheme, even where the arbitration agreement expressly prohibits a punitive damages award. *See E. Allen Reeves, Inc. v. Old York, LLC*, 2023 PA Super 65, 293 A.3d 284, 296 (2023) (affirming arbitrator award of statutory punitive damages and fees despite express language in arbitration

agreement saying the arbitrator lacked the authority to "award punitive damages."); *see also Lomas v. Kravitz*, 2015 PA Super 267, 130 A.3d 107, 131 (2015), aff'd, 642 Pa. 181, 170 A.3d 380 (2017) (affirming trial court modification of arbitral award to include statutory punitive damages). Thus, even if the VAR contained an express prohibition on the Arbitrator's authority to award punitive damages and attorneys' fees (which it does not, *supra*), such a provision would not prohibit the Arbitrator from awarding such fees under the statutory catch-all damages provision of PUVTA.

25. The undisputed evidence attached to Claimant's Motion for Summary Disposition clearly shows such an award of punitive damages is warranted given Respondents' egregious and wanton disregard for Unisys' rights under the VAR and the Payment Agreement in order to enrich themselves (e.g., transferring money earmarked for Unisys during Futuris' acquisition of CDI to Futuris, and used the money to fund additional acquisitions, all while stiff-arming Unisys with the promise of eventual payment).

26. Given Respondents' wanton disregard for the rights of Unisys, I also award Claimant punitive damages in the amount of $255,580.37, which is fifty percent (50%) of the principal debt owed to Unisys by Respondents.

27. As referenced above, section 5107(a) of the Pennsylvania Uniform Voidable Transfer Act ("PUVTA") provides courts with "the discretion to award **any** relief the circumstances require[]." Claimant requested an order voiding all monetary transfers between CDI and Futuris and prohibiting any future monetary transfers between CDI and Futuris, until such time that the damages owed to Unisys as stated in this Final Award have been paid in full. Based upon the undisputed evidence presented, Claimant is entitled to such an order.

28. As a result of Respondents' bad faith, Claimant is also entitled to recover its attorneys' fees and costs under the PUVTA.

### C. Tortious Interference

29. I also find that Futuris tortiously interfered with Unisys' contract with CDI.

30. Pennsylvania law follows the Restatement (Second) of Torts § 766's standard for tortious interference claims:

> One who intentionally and improperly interferes with the
> performance of a contract . . . between another and a third person

8

        by inducing or otherwise causing the third person not to perform the contract is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

31. The elements of tortious interference are: (1) a contractual relationship between the plaintiff and a third party; (2) the defendant's intent to harm the plaintiff by interfering with the contract or relationship; (3) the defendant lacked privilege or justification for the interference; and (4) actual damages attributable to the defendant's conduct. *Empire Trucking Co. v. Reading Anthracite Coal Co.*, 2013 PA Super 148, 71 A.3d 923, 933 (2013). "Pennsylvania law allows punitive damages to be assessed for intentional interference with contractual relations." *Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.*, 2015 PA Super 208, 126 A.3d 959, 983 (2015). To be entitled to punitive damages, there must be sufficient evidence of the state of mind of the actor such that the fact finder can determine that their conduct was "outrageous . . . willful, wonton, and reckless." *Id*. When, as here, the defendant willfully interferes in order to put itself in a more favorable position, Pennsylvania courts have approved an award of punitive damages. *Empire Trucking*, 71 A.3d at 938 (finding that demonstrable lack of business ethics warranted an award of punitive damages).

32. The undisputed evidence demonstrates that the VAR is a contractual relationship between Unisys and CDI, Futuris knew about CDI's obligations to Unisys under the VAR, and, nonetheless, intentionally interfered with CDI's ability to honor its obligations by misappropriating CDI's funds for its own use and benefit.

33. Claimant is, therefore, awarded $511,160.74 on its tortious interference claim against Futuris.

34. Futuris' wonton disregard for Unisys' contractual rights under the VAR justifies an award of punitive damages against Futuris in this matter. Therefore, I also award Claimant punitive damages against Futuris in the amount of $255,580.37, which is fifty percent (50%) of the principal debt owed to Unisys by Respondents.

9

**FINAL AWARD**

Based upon the credible and undisputed documentary evidence and law discussed above, I enter the Final Award as follows:

1. As to the claims for the principal amount owed, I find in favor of Claimant, Unisys Corporation and against Respondents, Computer Deductions, Inc., and Futuris Company, jointly and severally, in the amount of **$511,160.74**.

2. As to the claims for interest, I find in favor of Claimant, Unisys Corporation and against Respondents, Computer Deductions, Inc. and Futuris Company, jointly and severally, and award interest on the principal claim in the amount of **$98,814.55**. calculated at the statutory rate, accruing from April 1, 2022, through June 20, 2025.

3. As to the claims for attorney's fees and costs, I find in favor of Claimant, Unisys Corporation and against Respondents, Computer Deductions, Inc., and Futuris Company, jointly and severally, and award attorney fees and costs in the amount of **$75,034.13**, consisting of $75,000.00 flat fee per agreement and $34.13 for vendor fee for delivery of materials to mediator. Respondents shall also be liable for any additional fees and costs incurred by Claimant to enforce this award.

4. As to the claim for punitive damages, I find in favor of Claimant, Unisys Corporation and against Respondents, Computer Deductions, Inc., and Futuris Company, jointly and severally, and award punitive damages in the amount of **$255,580.37**.

5. In addition, pursuant to section 5107(a) of the Pennsylvania Uniform Voidable Transfer Act ("PUVTA") provides courts with "the discretion to award *any* relief the circumstances require[]",all monetary transfers between CDI and Futuris after the acquisition date of March 20, 2021 are void and any future monetary transfers between CDI and Futuris are prohibited, until such time that the damages owed to Unisys as stated in this Final Award have been paid in full.

6. The administrative fees of the American Arbitration Association totaling $9,000.00, and the compensation of the arbitrator totaling $8,385.00, shall be borne by Respondents, jointly and severally. Therefore, Respondents, Computer Deductions, Inc. and Futuris Company, jointly and severally, shall reimburse and pay to Claimant, Unisys

10

the sum of **$17,385.00**, representing that portion of said fees previously incurred and paid by Claimant.

The above sums totaling **$957,974.79** are to be paid by Respondents, jointly and severally, to Claimant on or before thirty (30) days from the date of this Award.

This Award and Ruling, are in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

Date: June 25, 2025

_____
B. Christopher Lee, Esq., Arbitrator

I, B. Christopher Lee, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award and Ruling.

Date: June 25, 2025

_____
B. Christopher Lee, Esq., Arbitrator

11