## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNISYS CORP.,<br><br>*Petitioner*,<br><br>v.<br><br>COMPUTER DEDUCTIONS, INC. ET AL.,<br><br>*Respondents*. | CIVIL ACTION<br><br>NO. 25-3671 |

### MEMORANDUM GRANTING MOTION TO COMPEL ARBITRATION AWARD

**Baylson, J.**                                                        **August 27, 2025**

This matter is before the Court on Petitioner Unisys Corporation's ("Unisys") unopposed Motion to Confirm Arbitration Award ("Motion"). ECF 1.

### I.    BACKGROUND

The dispute between Unisys and Respondents Computer Deductions, Incorporated ("CDI") and Futuris Company ("Futuris") relates to an Authorized Value Added Reseller Agreement for Computer Products ("VAR") that Unisys and CDI entered into in 2015. Mot. at ℙℙ 6-7, ECF 1. The VAR contains an arbitration provision. Id. at ℙ 7; VAR § 16, ECF 1-2. In March 2021, Futuris acquired CDI via a Stock Purchase and Acquisition Agreement ("Purchase Agreement"). Mot. at ℙ 8; Ex. 3 at ℙ 4, Final Award and Ruling of Arbitrator ("Final Award"), ECF 1-4; Ex. 2, Purchase Agreement, ECF 1-3. Pursuant to the Purchase Agreement, Futuris acquired 100% of CDI's shares as well as all pre-existing liabilities, including CDI's payment obligations under the VAR. [1] Mot. at ℙ 8. In December 2021, Respondents defaulted on a payment owed to Unisys under the VAR for the first time. Ex. 3 at ℙ 5.

---

[1] See also Ex. 2 at 1, 17 (Paragraph 1 of the Purchase Agreement states that Futuris "will acquire 100% of the shares of CDI and all pre-existing assets and with all pre-existing liabilities of CDI, except such liabilities as disclosed on the attached Exhibit B." Exhibit B, found on page 17 of the Purchase Agreement, is left blank.).

Pursuant to the VAR's Dispute Resolution provision, Unisys, Futuris, and CDI attempted mediation on May 15, 2024. Mot. at ⁋ 9. Mediation was unsuccessful and Unisys initiated arbitration in Philadelphia, pursuant to the Commercial Arbitration Rules of the American Arbitration Association, as required by the Dispute Resolution Provision. Id. at ⁋⁋ 6, 9; Ex. 1 at § 16. On June 25, 2025, the Arbitrator, Christopher Lee, issued a Final Award that awarded Unisys $957,974.49 in damages and entered an Order under Section 5107(a) of the Pennsylvania Uniform Voidable Transfer Act that voids all monetary transfers between Futuris and CDI from March 20, 2021, through June 25, 2025, and prohibits future monetary transfers until the Final Award is fully satisfied. Mot. at ⁋⁋ 10-13, Ex. 3 at 10-11.

On July 17, 2025, Unisys initiated this action by filing the present Motion with the Court. ECF 1. Unisys asks the Court to enter (1) an Order confirming the Final Award, and (2) a judgment consistent with that award. On July 25, 2025, Unisys personally served CDI's registered agent for service of process, Shannon Grosser. ECF 8. On July 29, 2025, Unisys personally served Futuris's registered agent for service of process, Faith May.[2] ECF 13. On August 19, 2025, after receiving no opposition from Respondents, the Court Ordered Futuris and CDI to Respond to Unisys's Motion within seven days, by August 26, 2025. ECF 15. Neither Futuris nor CDI filed a Response.

II. **DISCUSSION**

The entry of judgement by a federal district court on an arbitration award is governed by Section 9 of the Federal Arbitration Act (FAA). That section provides, in relevant part, that:

---

[2] Futuris's registered agent is Registered Agents Inc. Mot. at ⁋ 3. Unisys served Futuris at 30 N Gould St., Suite R, Sheridan, Wyoming 82801, the address of Registered Agents Inc. Id.; ECF 13. Faith May, identifying herself as a "registered agent clerk" "authorized . . . to receive service on behalf of [Futuris]," accepted service. ECF 13.

[i]f the parties in their agreement have agreed that a judgement of the court shall be

entered upon the award made pursuant to the arbitration ... then at any time within one

year after the award is made any party to the arbitration may apply to [a] court ... for an

order confirming the award, and thereupon the court must grant such an order unless the

award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.  Section 10 of the FAA, in turn, provides that a district court may only

vacate an arbitrator's award where:

(1) [it] was procured by corruption, fraud, or undue means; (2) there was evident

partiality or corruption in the arbitrators ...; (3) the arbitrators were guilty of misconduct. .

.; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a

mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).  "District courts have very little authority to upset arbitrators'

awards."  United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir.

1995).´  The Supreme Court has broken such challenges into two primary categories, those that

'challenge[] specifically the validity of the agreement to arbitrate' and those that 'challenge[] the

contract as a whole, either on a ground that directly affects the entire agreement . . . or on the

ground that the illegality of one of the contract's provisions renders the whole contract invalid.'"

New Jersey Bldg. Laborers Statewide Benefits Fund v. Am. Coring & Supply, 341 Fed. App'x

816, 820 (3d Cir. 2009) (non-precedential) (quoting Buckeye Check Cashing, Inc. v. Cardegna,

546 U.S. 440, 444 (2006)).

The Court finds that the record in this case supports the Arbitrator's conclusion that

Respondents failed to make required payments under the VAR.  Petitioner has certified that it

properly served the Motion upon Respondents and docketed the Affidavits of Service.

3

Respondents have not appeared before the Court to dispute these facts.  Accordingly, the Court finds the Final Award of June 25, 2025, to be consistent with the VAR.  The Court will enter an Order confirming the Final Award in favor of Unisys and against Futuris and CDI in the amount of $957,979.79.  Interest will continue to accrue at the 6% statutory pre-judgment interest rate until the Final Award is satisfied and will be calculated form the date of the Final Award, June 25, 2025.  The Court will also confirm the Arbitrator's Order voiding "all monetary transfers between CDI and Futuris after the acquisition date of March 20, 2021" and prohibiting "any future monetary transfers between CDI and Futuris," until such time that the damages owed to Unisys as Ordered by the Court are paid in full. [3]  Ex. 3 at 10.  The Court will permit Unisys fourteen days to supplement its Motion to include a detailed breakdown of the "additional costs and fees incurred to confirm and enforce the Final Award."  Mot. at 4-5.  Following which, the Court will award any costs and fees that it finds are supported by Unisys supplemental Motion.

III.    **CONCLUSION**

For the reasons stated above, the Court **CONFIRMS** the Final Arbitration Award of $957,979.79 in damages and will enter an Order in favor of Unisys and against Futuris and CDI in that amount, plus interest and any fees that the Court finds are supported by Unisys supplemental Motion.  The court further **CONFIRMS** the Arbitrator's Order voiding transfers between CDI and Futuris since March 20, 2021, and prohibiting future monetary transfers until such time that the damages owed to Unisys are paid in full and will enter an Order to that effect.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 25\25-3671 Unisys v Computer Deductions\25-3671 opinion confirming arb award.docx

[3] See Am. Income Life Ins. Co. v. Alkurdi, 2019 WL 2053013, at *1 (W.D. Tex. Apr. 25, 2019) (confirming the Final Arbitration Award and Permeant Injunction awarded to plaintiff in arbitration); Vital Pharma. v. PepsiCo, Inc., 528 F.Supp.3d 1304, 1308 (S.D. Fla. 2020) (confirming arbitrator's order "granting equitable relief to Pepsi" after finding that the order was "a preliminary injunction, and confirmation of the injunction [was] necessary to make final relief meaningful."); Biller v. Toyota Motor Corp., 2011 WL 1103630, at *3 (C.D. Cal. Mar. 17, 2011) (confirming Arbitrator's Final Award and issuance of a permanent injunction).